UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00231-JRS-DLP |
| | ) | |
| PHIL NICHOLS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Psychiatric or Psychological Examination and Report**

Defendant has moved the Court to determine competency under 18 U.S.C. §§ 4241(b) and 4247, to schedule a competency hearing, and to designate a licensed or certified psychiatrist or psychologist to examine Defendant before such hearing. Defendant has asked that the examination be conducted without commitment to the Attorney General because such commitment may be detrimental to his physical and mental health. Defendant is seventy-five years old and has been diagnosed as suffering from a major neurocognitive disorder.

The Government does not oppose the motion to determine competency, believes the record is best served by doing so, and agrees the Court should appoint a psychiatrist or psychologist to examine Defendant before the hearing. However, the Government requested medical records from Defendant regarding his request not to be committed to the custody of the Attorney General for placement in a suitable facility for purposes of the examination. The Government was provided a few reports

and a letter from John D. Wulff, M.D., none of which explicitly provides that a change of environment could worsen Defendant's condition.

Because Defendant's records do not explicitly state that a change in environment could worsen Defendant's condition, the Government asks that the Court order the Attorney General to designate a licensed or certified psychologist to review Defendant's records and provide opinions to the Court on, among other matters,: "(1) whether [a psychiatric or psychological] evaluation . . . requires or benefits from observing the defendant over a period of time in the custody of the Attorney General at a suitable facility; and (2) whether, given [Defendant's] diagnosis, a custodial evaluation will cause him to deteriorate . . . ."  (Gov't's Resp. 3–4, ECF No. 209.) However, as Defendant points out, Valencia L. Montgomery, Psy.D., HSPP, notes in her neuropsychological evaluation report: "Cognitive difficulties are more pronounced in stressful and demanding situations."  (ECF No. 209-2 at 5.)  The implication from Defendant's request for an evaluation without commitment to the custody of the Attorney General is that such commitment may be a stressful or demanding situation.  That seems obvious.

The permissive language of § 4247(b) allows, but does not require, the Court to commit a defendant to the custody of the Attorney General for purposes of a psychiatric or psychological examination under § 4241(b). *See, e.g., United States v. McDonald*, Crim. No. 09-656-01(SDW), 2012 WL 4659242, at *2 (D.N.J. Oct. 1, 2012) ("It is within the court's discretion to commit the defendant to a suitable facility for the psychiatric examination . . . or, alternatively, to order an outpatient evaluation.");

*In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986) ("If . . . the court believes that the defendant's examination can be conducted on an outpatient basis," commitment is not necessary).  The Government has not shown that commitment for purposes of evaluation is necessary or warranted in this case.  Defendant has identified one forensic psychiatrist and three licensed psychologists with training and experience in the field of forensic psychology and competency evaluations.  They are available to conduct the competency evaluation.  All of them appear qualified and capable of doing so.  Therefore, the Court declines the Government's request to have the Attorney General designate a licensed or certified psychologist to review Defendant's records and opine on certain matters.

The Court **grants** Defendant's Motion Pursuant to 18 U.S.C. § 4241, (ECF No. 200), to the extent that the Court **orders**:

(1)  A psychiatric or psychological examination of Defendant Phil Nichols shall be conducted under 18 U.S.C. §§ 4241 and 4247 to determine whether he is mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(2)  The examination shall be conducted by a licensed or certified psychiatrist or psychologist, namely, Dr. George Parker; Stephanie Callaway, Psy.D, ABPP; Kevin D. Hurley, Psy.D, ABPP; or Joanna Will, Psy.D, HSPP.

(3)  Defendant shall make arrangements for the examination to be scheduled within the next forty-five days, if possible.

3

(4) At the conclusion of the examination, a psychiatric or psychological report shall be filed with the Court pursuant to 18 U.S.C. § 4247(c).

(5) After the report has been filed, a competency hearing will be scheduled.

**SO ORDERED.**

Date: 08/29/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tiffany Jacqueline Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tiffany.preston@usdoj.gov

Brent Westerfeld
blwesterfeld@gmail.com